UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGE J. KELLER ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0219 |
| ] | Judge Sharp |
| JANNIE RUSSELL, et al. ] | |
|     Defendants. ] | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Center in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jannie Russell, a nurse at the Detention Center; Clint Crawford, a Captain at the Detention Center; Southern Health Partners, a contract health care provider; and the Robertson County Detention Center; seeking injunctive relief and damages.

In 2006, the plaintiff was diagnosed with a slipped disk in his back. Last year, he began to experience symptoms related to the slipped disk. The plaintiff alleges that the defendants have failed to provide him with adequate medical care for his malady.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an

official capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Robertson County, the municipal entity that operates the Detention Center. <u>Hafer v. Melo</u>, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Robertson County or its agent, the Robertson County Sheriff's Department. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Robertson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County that would deny him care for his medical condition. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                 */s/ Kevin H. Sharp*
Kevin H. Sharp
United States District Judge